J. A17034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JUAN MEDINA, | : | No. 89 EDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered November 14, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009759-2011

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 17, 2020**

Juan Medina appeals from the November 14, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, J. Matthew Wolfe , Esq. ("PCRA counsel"), has requested leave to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).  After careful review, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On June 13, 2012, a jury found appellant

guilty of one count of possession with intent to deliver a controlled substance.[1] This charge stemmed from an incident wherein two Philadelphia Police Officers observed appellant discard a large packet of heroin on a store floor. (**See** notes of testimony, 6/12/12, at 36-47). On June 13, 2012, the trial court sentenced appellant to 7 to 14 years' imprisonment.[2] On July 17, 2017, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on February 21, 2018. **See Commonwealth v. Medina**, 175 A.3d 384 (Pa.Super. 2017) (unpublished memorandum), **appeal denied**, 181 A.3d 1127 (Pa. 2018.)

On May 21, 2018, appellant filed a timely **pro se** PCRA petition. PCRA counsel was subsequently appointed and filed an amended petition on appellant's behalf on March 25, 2019. Following an evidentiary hearing, the PCRA court denied appellant's petition on November 14, 2019. This timely appeal followed. On January 29, 2020, the PCRA court directed PCRA counsel to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on appellant's behalf. On February 18, 2020, PCRA counsel filed a statement of intent to file an **Anders**/**McClendon**[3] brief

---

[1] 35 P.S. § 780-113(a)(30).

[2] Appellant was represented at trial by Rosemary Zeccardi, Esq. (hereinafter, "trial counsel").

[3] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

in lieu of a concise statement, pursuant to Pa.R.A.P. 1925(c)(4).  Thereafter, on April 13, 2020, PCRA counsel filed a petition and brief to withdraw, improperly couched as an **Anders**/**McClendon** brief.[4]  Appellant did not file a **pro se** response to PCRA counsel's petition to withdraw.  The PCRA court, in turn, has not filed a Rule 1925(a) opinion.

We begin by addressing PCRA counsel's request to withdraw from representation.  In **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016), a panel of this court reiterated the procedure to be followed when PCRA counsel seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**/**Finley**] and . . . must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> > Counsel must also send to the petitioner:
> > (1) a copy of the "no merit" letter/brief;
> > (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel.
>
> . . . .
>
> Where counsel submits a petition and no[-]merit letter that . . . satisfy the

---

[4] The record reflects that PCRA counsel filed an amended petition to withdraw on the same date as his original filing in order to correct appellant's mailing address from SCI Phoenix to SCI Coal Township.

> technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Muzzy**, 141 A.3d at 510-511 (some bracketed internal citations amended; case citations omitted).

Herein, we find that PCRA counsel's filing with this court, while couched as an **Anders** brief, complied with the requirements of **Turner**/**Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (holding that although "[a] **Turner**/**Finley** no[-]merit letter is the appropriate filing [in a PCRA proceeding,] . . . because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter"), **appeal denied**, 882 A.2d 477 (Pa. 2005). Specifically, PCRA counsel's brief and petition to the court detailed the nature and extent of his review. PCRA counsel first identified the pertinent factual and procedural history and examined the ineffectiveness claim appellant raised in his **pro se** PCRA petition. (**Turner**/**Finley** letter[5] at 8-9, 11.) Thereafter, PCRA counsel outlined the reasons why appellant's underlying ineffectiveness claim is frivolous. (**Id.** at 11-12.) Lastly, the record reflects that counsel served appellant with a copy of his petition to withdraw and

---

[5] Although improperly couched as an **Anders** brief, for the ease of our discussion, we refer to PCRA counsel's brief as a "**Turner**/**Finley**" letter.

advised appellant of his right to proceed **pro se** or with the assistance of privately retained counsel. (**See** "Application To Withdraw As Counsel," 4/13/20 at Exhibit A.) Appellant did not respond. We find that counsel's request for leave to withdraw from representation satisfies the requirements of **Turner**/**Finley**. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the **Turner**/**Finley** criteria). Accordingly, we must now conduct our own review of the record and render a decision as to whether the appeal is without merit.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted).

Here, PCRA counsel raises only one issue on appellant's behalf; namely, whether trial counsel rendered ineffective assistance by failing to locate and/or call eyewitness Felipa Malena Rondan, who was working at the store on the day appellant was arrested. (**Turner**/**Finley** letter at 11-12.)

- 5 -

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, we note that

counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. *See Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

Upon review, we find that appellant's ineffectiveness claim fails because he failed to satisfy the second and third prongs of the *Pierce* test; namely, that trial counsel's course of conduct was unreasonable, or that he suffered prejudice. *See Simpson*, 66 A.3d at 260. At the November 14, 2019 evidentiary hearing, the PCRA court explicitly found that trial counsel was not ineffective for failing to call Rondan as a witness at trial because she was not given enough information from the third party to locate Rondan and had made a reasonable effort to find her. The PCRA court reasoned as follows:

> All right. In regard to whether [trial counsel] was ineffective for failing to call [Rondan], [trial counsel] testified that [appellant] could only give her a nickname of this witness being China. [Appellant] did not give her any other contact information, but then directed her to a third party named Flamino who was going to be able to give [trial counsel] this contact information. In fact, [trial counsel] did call Flamino. She did have a conversation with him. He told her that he would get contact information for China to her, but then he did not call her back. [Trial counsel] testified that she called him back several times, but he never returned her phone call.
>
> In the initial conversation, however, [] Flamino told her that this woman no longer worked at that bodega. And [trial counsel] elicited a promise from him that he would find her and call [trial counsel] back. That never happened.
>
> [Trial counsel] testified that she didn't send anybody to the store to find China because Flamino told her that she didn't work at the store any longer.

> [Appellant] argues that she should still have sent an investigator to that store. However, what [trial counsel] was working off of was a third party, not [appellant], who was supposed to be able to put China in touch with [trial counsel]. And this Flamino was not able to do that. He told her that [Rondan] no longer worked at the store any longer and he never called her back with anymore [sic] contact information.
>
> Under those circumstances, [trial counsel] was not ineffective for failing to then hire an investigator to send to the store where [appellant] didn't even know whether or not this woman worked there or tell [trial counsel] that this woman worked there. This was all going through this other fellow, Flamino. So I do not find she was ineffective in that regard.

Notes of testimony, 11/14/19 at 33-34.

The PCRA court further made a factual determination that, from her vantage point in the store, it was unlikely that Rondan was able to see the narcotics during the police officers' interaction with appellant; and thus, even if she had testified at trial, it would not have changed the outcome. The PCRA court concluded as follows:

> [Rondan] testified [at the PCRA evidentiary hearing] that she didn't see the police or [appellant] with any drugs. . . .
>
> . . . . And it would be very foreseeable that [Rondan] would not have been able to necessarily notice that whether or not there were drugs that were either in [appellant's] hands or the police officer's hands.
>
> I don't believe that under the best of circumstances that [Rondan's] testimony would have resulted in any other -- would have produced, rather, any other result or would have been likely to have produced any other result at trial.

***Id.*** at 35.

Following our careful review, we agree with the aforementioned findings of the PCRA court and adopt them as our own for purposes of this appellate review. Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition and grant PCRA counsel leave to withdraw.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/20